IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division



ABELIO ALEJANDRO SIBRAN-JUARES,

    *Petitioner*,

v.                                     Civil Action No. 3:26-cv-29

WASHINGTON FIELD OFFICE
DIRECTOR, *et al.*,

    *Respondents*.

## MEMORANDUM ORDER

This matter comes before the Court on Petitioner Abelio Alejandro Sibran-Juares' Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Petition alleges that Mr. Sibran-Juares has been unlawfully detained by Immigration and Customs Enforcement ("ICE") at the Farmville Detention Center since November 2025. (ECF No. 1.)

1.    The current petition does not comply with Rule 2 of the Rules Governing Section 2254 Cases.[1] Rule 2(c)(5) requires that petitions pursuant to 28 U.S.C. § 2254 "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing § 2254 Cases in U.S. District Courts, Rule 2(c)(5). The Advisory Committee Notes to Rule 2(c) explain: "The Committee envisions that the courts will apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner." *Id.*, Advisory Committee Notes, 2004

---

[1] Rule 1(b) of the Rules Governing § 2254 cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

Amend. "[A] 'next friend' does not himself [or herself] become a party to the habeas corpus action in which [they] participate[], but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Hamdi v. Rumsfeld*, 294 F.3d 598, 603 (4th Cir. 2002) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "[T]he availability of next friend standing as an avenue into federal court is strictly limited." *Id.*

To establish "next friend" standing, (1) the "'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his [or her] own behalf to prosecute the action,'" and (2) the "next friend" must also establish that [the next friend] is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate" and has "a significant relationship with the real party in interest." *Id.* at 603–04 (quoting *Whitmore*, 495 U.S. at 163–64). "The burden is on the 'next friend' clearly to establish the propriety of his [or her] status and thereby justify the jurisdiction of the court.'" *Id.* at 603 (quoting *Whitmore*, 495 U.S. at 164).

Accordingly, Petitioner is ORDERED to file, within five (5) days of the date of entry hereof, a petition that complies with Rule 2.

2. It appearing to this Court that the factual circumstances and legal issues presented in the Petition are materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), it is FURTHER ORDERED Respondents SHALL file, within five days of the filing of a compliant petition, either a Notice indicating that the factual and legal issues presented in the compliant petition do not differ in any material fashion from those presented in *Duarte Escobar v. Noem, et al.*, 3:25-cv-758 (E.D. Va.), or an Opposition to the Petition discussing the material differences between *Duarte Escobar* and the compliant petition.

3. It is FURTHER ORDERED that if Respondents file a Notice that there are no material differences between the compliant petition and *Duarte Escobar*, each of the substantive filings in that habeas proceeding will be incorporated into this habeas proceeding, and this Court will issue a ruling without further filings from the parties.

4. It is FURTHER ORDERED that if Respondents file an Opposition to the compliant petition, the Petitioner shall file any reply in further support of the compliant petition within three days of the date of entry of any Opposition by Respondents.

5. On January 13, 2026, Petitioner filed a Motion for Order to Show Cause, requesting the Court "to issue Respondents an Order to Show Cause within three days why the petition should not be granted." (ECF No. 2, at 2.) Because the Petition has not been properly filed, the Court DENIES the Motion for Order to Show Cause WITHOUT PREJUDICE. Respondents are discouraged from removing or transferring Petitioner from this District for any reason before a decision by this Court on the petition.

The Clerk is DIRECTED to forward a copy of this Order to all counsel of record and the United States Attorney's Office for the Eastern District of Virginia, Richmond Division.

It is SO ORDERED.

Date: 1/15/2026
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge