# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**ABELIO ALEJANDRO SIBRAN-JUARES,**

    **Petitioner,**

        **v.**                              **Civil Action No. 3:26-cv-29**

**WASHINGTON FIELD OFFICE
DIRECTOR,** *et al.*,

    **Respondents.**

### <u>MEMORANDUM ORDER</u>

This matter comes before the Court on Petitioner Abelio Alejandro Sibran-Juares'

Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Amended

Petition"). (ECF No. 5.)

On January 13, 2026, Mr. Sibran-Juares filed a petition for a writ of habeas corpus that

did not comply with Rule 2(c)(5) of the Rules Governing Section 2254 Cases.[1] (ECF No. 1.) On

January 15, 2026, the Court ordered Mr. Sibran-Juares to file an amended petition that complied

with Rule 2. (ECF No. 4.) On January 20, 2026, Petitioner filed the instant Amended Petition.

(ECF No. 5.)

The instant Amended Petition does not comply with Rule 2. Mr. Sibran-Juares did not

sign the Amended Petition. Instead, the Amended Petition includes a signed verification from

Mr. Sibran-Juares' sister, which states that she submits the Amended petition "on [her] brother's

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

behalf." (ECF No. 5, at 11.) Petitioner's sister explains that "[h]e is unable to sign [the Amended Petition] himself because he is detained." (ECF No. 5, at 11.)

"'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "[T]he availability of next friend standing as an avenue into federal court is strictly limited." *Hamdi v. Rumsfeld*, 294 F.3d 598, 603 (4th Cir. 2002). To satisfy the next friend showing, the "next friend" must satisfy "two firmly rooted prerequisites": first, the "'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his [or her] own behalf to prosecute the action." *Whitmore*, 495 U.S. at 163. Second, the "'next friend' must be truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate" and have "a significant relationship" with that person. *Id.* at 163–64.

Petitioner's sister has not satisfied the strict next friend showing. First, she has not shown that Mr. Sibran-Juarez is unavailable to litigate his own case simply because he is detained. *See Akers ex rel Lee v. Angelone*, 147 F. Supp. 2d 447, 448 (W.D. Va. 2001) (dismissing petition for lack of standing when appointed counsel, proceeding as next friend, failed to sufficiently show that petitioner was unable to litigate his own petition); *Alonzo v. Trump*, No. 3:25-cv-892 (DJN), ECF No. 4 (E.D. Va. Oct. 31, 2025) (finding that counsel did not satisfy next friend status based on unavailability where petitioner had been transferred from Virginia to Louisiana); *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 623 (11th Cir. 2007) (petitioner did not establish "next friend" status where the petition did not explain why petitioner's husband "was unable to initiate the petition from prison" or provide "reason to

think that [petitioner's] incarceration alone would prevent him from filing a § 2241 petition on his own behalf").

Moreover, while the Court does not doubt Petitioner's sister's commitment to representing Mr. Sibran-Juarez's interests, her dedication to Mr. Sibran-Juarez is not independently sufficient, given binding precedent, to establish next friend standing.

The Court finds that the Amened Petition, (ECF No. 5), still does not comply with habeas Rule 2. The Court ORDERS that Mr. Sibran-Juares file an amended petition within five (5) days of the date of this Order that complies with Rule 2 of the habeas rules.

On January 23, 2026, Respondents filed a Notice in accordance with this Court's prior Order, (ECF No. 4). (ECF No. 6.) But Mr. Sibran-Juarez has not yet filed a compliant petition. The Court ORDERS Respondents to file another Notice, in accordance with this Court's prior Order, (ECF No. 4), upon the filing of a compliant petition.[2] If, upon the filing of a compliant amended petition, the substance of the Notice need not change, Respondents may file a similar (or identical) Notice.

The Clerk is DIRECTED to send a copy of this Order to the United States Attorney's Office for the Eastern District of Virginia and to Mr. Sibran-Juares' counsel.

It is SO ORDERED.

Date: 1/23/26
Richmond, Virginia

_____/s/_____
M. Hannah Lauck
Chief United States District Judge

---

[2] The Court notes Respondents' acknowledgement that the Amended Petition, though "appear[ing] to be compliant," was not deemed so by the Court prior to the filing of their Notice. (ECF No. 6, at 1 n.1.) The Court appreciates that Respondents nevertheless filed the Notice "out of an abundance of caution . . . on the assumption that the [A]mended [P]etition is complaint." (ECF No. 6, at 1 n.1.)