IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ABELIO ALEJANDRO SIBRAN-JUARES,**

    **Petitioner,**

v.                                                                  Civil Action No. 3:26-cv-29

**WASHINGTON FIELD OFFICE
DIRECTOR,** *et al.*,

    **Respondents.**

## MEMORANDUM OPINION

This matter comes before the Court on Petitioner Abelio Alejandro Sibrian-Juares' ("Petitioner") Amended Petition[1] for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Amended Petition"). (ECF No. 10.) In the Amended Petition, Mr. Sibrian-Juares challenges his detention by Immigration and Customs Enforcement ("ICE"), arguing that ICE's failure to provide him with a bond hearing under 8 U.S.C. § 1226 violates his statutory right to such a hearing and his constitutional right to due process under the Fifth Amendment to the United States Constitution.[2] (ECF No. 10 ¶¶ 16–27, 32–37.)

For the reasons articulated below, the Court will grant the Amended Petition. (ECF No. 10.) The Court will order Respondents to provide Mr. Sibrian-Juares with a bond hearing under 8 U.S.C. § 1226(a).

---

[1] Petitioner explains that his immigration paperwork misspells his last name as "Sibran-Juares" rather than "Sibrian-Juares." (ECF No. 10, at 2 n.1.) Because this case was filed under the name "Sibran-Juares," the Court will retain that spelling in the case caption. Other references to Petitioner's name will use the correct spelling "Sibrian-Juares."

[2] Because the Court is granting relief on procedural due process grounds, it need not address Mr. Sibrian-Juares' arguments based on the Administrative Procedure Act. (ECF No. 10 ¶¶ 28–31).

## I. Factual and Procedural Background

### A.  Factual Background[3]

Mr. Sibrian-Juares is a citizen of El Salvador.  (ECF No. 10 ¶ 8.)  "He last arrived in the United States without a valid visa in or around 2007."  (ECF No 10 ¶ 8.)

"In early November 2025, Petitioner was detained by ICE officers on I-295 in or near Washington, D.C. while he was driving to work.  He is now being held at the Farmville Detention Center in Farmville, Virginia."  (ECF No. 10 ¶ 12.)   Mr. Sibrian-Juares states that he is not eligible for a bond hearing under the Board of Immigration Appeals' controlling decision in *Matter of Yajure Hurtado*,[4] 29 I&N Dec. 216 (BIA 2025).  (ECF No. 10 ¶ 15.)

Before his detention, Mr. Sibrian-Juares lived in Hyattsville, Maryland with his family.  (ECF No. 10 ¶ 11.)  He has four children, all of whom are United States citizens.  (ECF No. 10 ¶ 11.)

---

[3] As discussed below, the Court proceeds by dispelling with additional briefing and incorporating Respondents' filings in this Court's decision in *Duarte Escobar v. Perry, et al.*, 3:25-cv-758 (MHL) (E.D. Va. 2025).  Respondents represent to the Court that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Duarte Escobar*."  (ECF No. 11, at 1.)  Accordingly, the Court's recitation of the factual background relies on the facts as alleged in the Amended Petition.

[4] On September 5, 2025, the Board of Immigration Appeals ("BIA") released a precedential decision in *Matter of Yajure Hurtado*.  "Pursuant to the BIA's decision in *Hurtado*, nearly all noncitizens who entered the United States without inspection are now subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), rather than the discretionary detention provisions of 8 U.S.C. § 1226(a)."  *Soto v. Soto*, —F. Supp. 3d—, 2025 WL 2976572, at *1 (D.N.J. 2025) (citing *Hurtado*, 29 I&N Dec. at 227–29).

B. **Procedural Background**

On January 13, 2026, Mr. Sibrian-Juares filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, (ECF No. 1), and an accompanying Motion for Order to Show Cause, (ECF No 2). The Court ordered Mr. Sibrian-Juares to file an amended petition in compliance with Rule 2(c)(5) of the Rules Governing Section 2254 Cases[5] and denied the Motion for Order to Show Cause. (ECF No. 4.) On February 4, 2026, Mr. Sibrian-Juares filed the instant Amended Petition in accordance with habeas Rule 2(c)(5). (ECF No. 10.)

On January 15, 2026, the Court ordered Respondents to file, within five days of the filing of Petitioner's Amended Petition, a notice indicating whether the factual and legal issues presented in the Amended Petition differ in any material fashion from those presented in *Duarte Escobar v. Perry, et al.*, —F. Supp. 3d—, 3:25-cv-758 (E.D. Va. 2025.). (ECF No. 4, at 2.) The Court further ordered that, if Respondents indicated that the factual and legal issues presented in the Amended Petition do not differ in any material fashion from those presented in *Duarte Escobar*, "each of the substantive filings in [*Duarte Escobar* would] be incorporated into this habeas proceeding, and this Court [would] issue a ruling without further filings from the parties." (ECF No. 4, at 2–3.)

On February 10, 2026, Respondents filed a Notice pursuant to the Court's January 15, 2026 Order. (ECF No. 11.) In the Notice, Respondents "submit that the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Duarte Escobar*[.]" (ECF No. 11, at 1.) "[C]onsistent with [the Court's] recent order,"

---

[5] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

Respondents contend that "this Court should incorporate the filings in *Duarte Escobar* into the record of this habeas action." (ECF No. 11, at 1.)

The Court therefore incorporates the parties' merits briefing in *Duarte Escobar* into the record. *See Duarte Escobar*, —F. Supp. 3d—, 3:25-cv-758 (MHL), ECF Nos. 16, 18, 19, 20 (E.D. Va. 2025.). The Court also dispels with any further briefing by the parties.

## II.  Standard of Review

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### III. Analysis

The central question posed in Mr. Sibrian-Juares' Petition is whether he is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a)[6] or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).[7] Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing. Specifically, Mr. Sibrian-Juares argues that (1) the discretionary

---

[6] 8 U.S.C. § 1226 provides, in relevant part:

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

    (1) may continue to detain the arrested alien; and

    (2) may release the alien on—

        (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

        (B) conditional parole.

8 U.S.C. § 1226(a)(1)–(2).

[7] 8 U.S.C. § 1225 provides, in pertinent part:

(b) Inspection of applicants for admission

    (2) Inspection of other aliens

        (A) In general

        Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A).

detention provisions of 8 U.S.C. § 1226(a) entitle him to a bond hearing, (ECF No. 10 ¶¶ 16–27), and (2) that his Fifth Amendment due process rights bolster his entitlement to such a hearing, (ECF No. 10 ¶¶ 32–37).

In opposition, Respondents relied on their arguments incorporated by this Court from *Duarte Escobar v. Perry*, —F. Supp. 3d—, 3:25-cv-758 (MHL), 2025 WL 3006742 (E.D. Va. 2025).[8] Here, as in *Duarte Escobar*, Respondents insist (1) that the Court lacks jurisdiction over the Amended Petition by virtue of two jurisdiction-stripping provisions of the Immigration and Nationality Act ("INA"), (*Duarte Escobar*, ECF No. 18, at 7–8); (2) that even if the Court has jurisdiction over the Amended Petition, Mr. Sibrian-Juares' detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions, (*Duarte Escobar*, ECF No. 18, at 8–20); and (3) that

---

[8] Respondents' arguments have also been raised and decided throughout the country. The vast majority of the courts addressing this issue have concluded that 8 U.S.C. § 1226(a) pertains, meaning petitioners like Mr. Sibrian-Juares should receive a bond hearing. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here").

In addition, dozens of courts in the Eastern District of Virginia (including this Court) have rejected Respondents' position on eminently sound bases. *See Velasquez v. Noem*, No. 3:25-cv-998 (MHL), 2026 WL 279226, at *4 n.14 (E.D. Va. Feb. 3, 2026) (collecting thirty cases rejecting Respondents' argument in this District alone).

A small minority of district courts have accepted Respondents' arguments. *See, e.g.*, *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1140–41 (S.D. Cal. 2025); *Vargas Lopez v. Trump*, — F. Supp. 3d —, 2025 WL 2780351, at *7–10 (D. Neb. 2025). These decisions do not alter this Court's determination.

Recently, the United States Court of Appeals for the Fifth Circuit joined these courts. *See Buenrostro-Mendez v. Bondi*, — F.4th—, 2026 WL 323330 (5th Cir. 2026). The Fifth Circuit's decision is not binding here. *CASA de Maryland, Inc. v. Trump*, 971 F.3d 220, 260 (4th Cir. 2020). Moreover, the Court is unpersuaded by the Fifth Circuit majority's reasoning for many of the reasons cogently set forth in Judge Douglas' dissent, which explains that the majority's interpretation risks rendering substantial portions of the statutory scheme superfluous and internally inconsistent.

Mr. Sibrian-Juares' constitutional due process rights have not been violated, (*Duarte Escobar*, ECF No. 18, at 20–28).[9]

The parties' arguments as to all challenges raised are substantially similar to others made in recent § 2241 habeas actions in the Eastern District of Virginia, including five cases decided by this Court. *See Duarte Escobar*, 2025 WL 3006742; *Perez-Gomez v. Warden*, 3:25-cv-773 (MHL), 2025 WL 3141103 (E.D. Va. Nov. 10, 2025) (rejecting the same arguments made in *Duarte Escobar*); *Contreras-Perez v. Noem*, No. 3:25-cv-882 (MHL), 2025 WL 3281774 (E.D. Va. Nov. 25, 2025) (same); *Campos Flores v. Bondi*, No. 3:25-cv-797 (MHL), 2025 WL 3461551 (E.D. Va. Dec. 2, 2025) (same); *Velasquez v. Noem*, 3:26-cv-998 (MHL), 2026 WL 279226 (E.D. Va. Feb. 3, 2026) (same). Mr. Sibrian-Juares' Amended Petition raises no new issues, and Respondents raise no new arguments, that would compel a different outcome.

The Court concludes that 8 U.S.C. § 1226(a) and the Fifth Amendment entitle Mr. Sibrian-Juares to a bond hearing. Accordingly, the Court will grant the Amended Petition.

---

[9] Respondents, in their arguments as incorporated from *Duarte Escobar*, do not argue that Mr. Sibrian-Juares has failed to exhaust his administrative remedies, and they therefore waive any argument on this point. The Court notes, however, that even had Respondents raised an exhaustion defense, they would not prevail, because exhausting Mr. Sibrian-Juares' administrative remedies prior to filing his Amended Petition would be futile. *See Duarte Escobar*, 2025 WL 3006742, at *5.

A.     **The Court Has Jurisdiction Over the Amended Petition**

As a threshold matter, this Court has jurisdiction to consider Mr. Sibrian-Juares' Amended Petition. Respondents argue that the Court lacks subject-matter jurisdiction over the Amended Petition because two provisions of the INA strip the Court of jurisdiction over the Amended Petition: 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(g). (*Duarte Escobar*, ECF No. 18, at 7–8.)

As this Court held in *Duarte Escobar*, neither 8 U.S.C. §§ 1252(b)(9)[10] nor 1252(g)[11] divests this Court of jurisdiction under 28 U.S.C. § 2241 to review Mr. Sibrian-Juares' Amended Petition. *Duarte Escobar*, 2025 WL 3006742, at *6–8; *see also Luna Quispe*, 2025 WL 2783799, at *2–3. The Court has jurisdiction to consider the merits of the Amended Petition and proceeds to the substance of Sibrian-Juares' claims.

B.     **Mr. Sibrian-Juares is Entitled to a Bond Hearing Pursuant to 8 U.S.C. § 1226**

With respect to the substance of Petitioner's claim, Mr. Sibrian-Juares argues that his detention is governed by the discretionary detention provisions of § 1226 rather than the mandatory detention provisions in § 1225(b)(2). (ECF No. 10 ¶¶ 16–27.) According to Respondents, Petitioner's detention is lawful under the INA because Mr. Sibrian-Juares was not legally granted entry into the country and is therefore an "applicant for admission," meaning § 1225(b)(2) governs his detention. (*Duarte Escobar*, ECF No. 18, at 8–20.)

---

[10] For instance, 8 U.S.C. § 1252(b)(9) does not divest this Court of its habeas jurisdiction because Mr. Sibrian-Juares does not seek review of a removal order. *Duarte Escobar*, 2025 WL 3006742, at *6–7 (citing *Jennings v. Rodriguez*, 583 U.S. 294–95 (2018) (plurality opinion)).

[11] 8 U.S.C. § 1252(g) likewise does not divest the Court of its habeas jurisdiction because this case does not involve commencement, adjudication, or execution of any immigration order. *Duarte Escobar*, 2025 WL 3006742, at *7–8 ("[Section] 1252(g) does not apply 'to *all* claims arising from deportation proceedings.'" (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis added))).

For the reasons stated by this Court in *Duarte Escobar*, as well as the dozens of other decisions issued by Courts in this District on the same issue, this Court concludes that Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures. 2025 WL 3006742, at *8–13. This argument fails.

Mr. Sibrian-Juares has been present in the United States since 2007. He is thus not an "applicant for admission" subject to the mandatory detention provisions of § 1225 but rather falls within the discretionary detention provisions of § 1226(a) governing aliens who are already in the country. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–90, 303 (2018) (finding that § 1226(a) is the "default rule" governing "aliens already in the country" whereas § 1225 governs "aliens seeking admission into the country").[12] For the reasons set out in *Duarte Escobar*, the

---

[12] The Court observes that, for decades, "Immigration Judges have conducted bond hearings for aliens who entered the United States without inspection." *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 n.6 (BIA 2025). But on July 8, 2025, "Acting Director of U.S. Immigration and Customs Enforcement, Todd M. Lyons, issued an internal memorandum explaining that the agency had 'revisited its legal position'" by determining that "[the mandatory detention provisions of section 1225] of the Immigration and Nationality Act (INA), rather than [the discretionary detention provisions of section 1226], is the applicable immigration detention authority for all applicants for admission." *Martinez v. Hyde*, 792 F. Supp. 3d. 211, 217–18 (D. Mass. 2025). The July memorandum characterized, seemingly for the first time, all noncitizens who entered the United States without inspection as doing so "seeking admission," no matter how much time passed between their entrance into the United States and their apprehension by law enforcement.

On September 5, 2025, the Board of Immigration Appeals ("BIA") released a precedential decision in *Matter of Yajure Hurtado* in line with Acting Director Lyons' memorandum. "Pursuant to the BIA's decision in *Hurtado*, nearly all noncitizens who entered the United States without inspection are now subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), rather than the discretionary detention provisions of 8 U.S.C. § 1226(a)." *Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *1 (D.N.J. Oct. 22, 2025) (citing *Hurtado*, 29 I&N Dec. at 227–29).

The Court owes the BIA no deference in its interpretation of the INA and interprets §§ 1225 and 1226 *de novo*. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395–96 (2024). Indeed, the United States District Court for the Central District of California recently issued a nationwide declaratory judgment and vacatur under the Administrative Procedure Act

9

plain text of the INA,[13] Supreme Court precedent, district court decisions around the country, and decades of practice support this conclusion. 2025 WL 3006742, at *8–13. Petitioner is therefore entitled to a bond hearing under § 1226(a) and its implementing regulations.

### C. Mr. Sibrian-Juares' Fifth Amendment Due Process Rights Have Been Violated

Finally, Petitioner argues that his detention without a bond hearing violates his due process rights under the Fifth Amendment's Due Process Clause.[14] (ECF No. 10 ¶¶ 32–37.) Respondents contend that Petitioner's due process rights are governed only by the INA, rather than the Fifth Amendment's Due Process Clause, and that even if Petitioner is subject to the Fifth Amendment's Due Process protections, denying him a bond hearing does not violate his constitutional rights.

For the reasons articulated in *Duarte Escobar*, the Court finds that Mr. Sibrian-Juares' due process rights are governed by the Fifth Amendment and that his continued detention under

---

against ICE's internal policy mandating that immigration detainees remain detained without a bond hearing. *Bautista v. Santacruz*, —F. Supp. 3d—, 2025 WL 3713987 (C.D. Cal. 2025). In doing so, the *Bautista* court found that *Matter of Yajure Hurtado* cannot be *controlling* law because it relies on a faulty statutory analysis, which *Bautista* rejected. *Id.* at *12; *see also Duarte Escobar*, 2025 WL 3006742, at *12. The same is true here.

[13] As this Court explained in *Duarte Escobar*, § 1225 requires that an applicant be "seeking admission" to the United States. 8 U.S.C. § 1225(b)(2). The statute's use of active language suggests that an alien must be taking *active* steps towards "seeking admission" to the United States. Presence in the country is not enough. *Duarte Escobar*, 2025 WL 3006742, at *9. To find otherwise, as Respondents (again) ask this Court to do, would render other provisions of the INA superfluous. *Id.* at *9–10.

[14] The Fifth Amendment to the United States Constitution provides, in pertinent part:

> No person shall . . . be deprived of life, liberty or property without due process of law.

U.S. Const. amend. V.

8 U.S.C. § 1225 without a bond hearing violates his due process rights. 2025 WL 3006742, at *14–16. Specifically, the Court finds that all three *Mathews* factors weigh in Mr. Sibrian-Juares' favor: (1) he has a strong private interest in remaining free from physical detention; (2) there is a significant risk of erroneous deprivation of his due process rights because he is entitled to a bond hearing under § 1226(a) that he has not received; and, (3) respondents have failed to demonstrate a compelling government interest in detaining Petitioner without a bond hearing. *See Duarte Escobar*, 2025 WL 3006742, at *14–16 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

### IV. Conclusion

Mr. Sibrian-Juares has been in the United States since 2007. Because § 1226(a) sets for "the default rule" for detaining and removing aliens "already present in the United States," *Jennings*, 583 U.S. at 202, Petitioner's detention is governed by § 1226(a). Under § 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge at which the government must prove that he poses a danger to the community or that he is a flight risk if it seeks to continue detaining Mr. Sibrian-Juares. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1).[15] Unless and until Respondents meet that burden, Mr. Sibrian-Juares' continued detention is unlawful.

---

[15] 8 C.F.R. § 1236.1(d)(1) provides, in relevant part:

> After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 CFR part 1240 becomes final, request amelioration of the conditions under which he or she may be released. Prior to such final order, and except as otherwise provided in this chapter, the immigration judge is authorized to exercise the authority [under § 1226] . . . to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released, as provided in § 1003.19 of this chapter.

8 C.F.R. § 1236.1(d)(1).

For the reasons articulated above, the Court will grant Mr. Sibrian-Juares' Amended Petition, (ECF No. 10), and order that he be provided a bond hearing with an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

An appropriate Order shall issue.

Date: February 15, 2026
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge